# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CASE NUMBER 6:16-CR-00029-TH |
| v. | § | |
| | § | |
| | § | |
| MONTIE DELOIS DENNIS (2), | § | |
| | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On January 21, 2020, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Montie Dennis. The government was represented by Frank Coan, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of Counterfeited Obligations of the United States and Aiding and Abetting, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months. On November 2, 2017, District Judge Thad Heartfield sentenced Defendant to time served followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health counseling, and a $100 special assessment. On November 2, 2017, Defendant completed the term of imprisonment and began her term of supervised release. On June 25, 2018, and February 26,

1

2019, Defendant's conditions of supervision were modified to include placement at a local residential reentry center for a period of 180 days.

Under the terms of supervised release, Defendant was required to participate in a combination of psychiatric, psychological, or mental health treatment programs and to follow the rules of those programs. In its petition, the government alleges that Defendant violated her conditions when she admitted to not taking her mental health medications and by failing to report for mental health counseling on March 5, 2018, March 19, 2018, and November 19, 2019.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release as alleged, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 9 of the government's petition. In exchange, the government recommended to the Court that Defendant serve a term of imprisonment in the Bureau of Prisons from December 5, 2019 until she can be placed in a halfway house where she will reside for up to 180 days.

The Court therefore **RECOMMENDS** that Defendant Montie Dennis's plea of true be accepted and she be sentenced to a term of imprisonment in the Bureau of Prisons from December 5, 2019, until she can be placed in a halfway house where she will reside for up to 180

days. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 21st day of January, 2020.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE